# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
W FINANCIAL REIT, LTD,

                                          Plaintiffs,

-against-

150-152 EAST 79 LLC; ZIEL FELDMAN; LANGAN
ENGINEERING, ENVIRONMENTAL, SURVEYING,
LANDSCAPE ARCHITECTURE & GEOLOGY, D.P.C.;
TETRA ENGINEERS ARCHITECTS & LANDSCAPE
ARCHITECTS, P.C.; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; NEW YORK CITY
DEPARTMENT OF FINANCE; FIRST REPUBLIC BANK,

                                          Defendants.
---------------------------------------------------------------X

**AMENDED COMMERCIAL MORTGAGE FORECLOSURE ACTION COMPLAINT**

Index No.: 850128/2021

Date Purchased: May 3, 2021

       Plaintiff, W FINANCIAL REIT, LTD ("Plaintiff") by and through its attorneys, Jaspan Schlesinger Narendran LLP, brings this action against Defendants and states as follows:

**Preliminary Statement**

       1.     This action was commenced on May 3, 2021 by the filing of a Commercial Mortgage Foreclosure Action Summons ("Summons") and Commercial Mortgage Foreclosure Action Complaint (the "Complaint") which sought, among other things, to foreclose the Mortgage (as defined below) encumbering the Properties (as defined below). Defendant, First Republic Bank ("FRB"), was not initially named as a defendant in the action, but was served with a copy of the Summons and Complaint on May 24, 2021 as "John Doe No. 1" due to its status as a tenant of two out of five of the Properties.

       2.     FRB failed to timely respond to the Summons and Complaint.

       3.     On April 26, 2022, the Court issued a Decision + Order on Motion that, among other things, amended the caption herein to replace the defendant originally named as "John Doe

No. 1" with FRB and struck therefrom the defendants originally named herein as "John Doe No. 2" through "John Doe No. 30."

4. On August 10, 2022, a Judgment of Foreclosure and Sale and Decision + Order on Motion ("JFS") was entered in this action.

5. On or about October 26, 2023, FRB filed an application, via Order to Show Cause, seeking to vacate its default in appearing in this action ("Motion to Vacate Default").

6. On February 1, 2023, the Properties were sold at a foreclosure auction pursuant to the JFS. Plaintiff was the successful bidder at the auction and then assigned its bid to W 79th Street Owner LLC, who became the owner of the Properties via a Referee's Deed in Foreclosure dated February 28, 2023.

7. By Decision + Order on Motion dated April 11, 2023 (the "Decision/Order"), the Court granted the Motion to Vacate Default to the extent that: (i) FRB's default in timely appearing in this action was vacated; (ii) any portion of the JFS that could be read as declaring or determining that the Mortgage had priority over FRB's leases at the Properties was vacated; and (iii) Plaintiff and Defendants were granted leave to file and serve amended pleadings regarding the "lien/lease priority" issue within 45 days of the efiling thereof.

8. This Amended Commercial Mortgage Foreclosure Action Complaint is being filed in accordance and compliance with the Decision/Order.

## The Parties

9. Plaintiff is a Delaware business corporation authorized to do business in the State of New York, with a place of business located 60 Cutter Mill Road, Suite 601, Great Neck, New York 11021.

10. Upon information and belief, defendant, 150-152 East 79 LLC ("Borrower"), is a Delaware limited liability company authorized to do business in New York with a place of business

located at c/o H F Z Capital Group LLC, 600 Madison Avenue, 15th Floor, New York, New York 10022.

11. Upon information and belief, defendant, Ziel Feldman ("Guarantor," together with the Borrower, the "Defendants") is an individual residing at 11 East 68th Street, Penthouse, New York, New York 10065.

12. Defendant, New York State Department of Taxation and Finance ("NYSDTF"), is an agency of the State of New York.

13. Defendant, New York City Department of Finance ("NYCDF") is an agency of the City of New York.

14. Upon information and belief, defendant, FRB, is a commercial bank headquartered in California, with offices located at 150 East 79th Street and 1135 Lexington Avenue, New York, New York.

**The Loan Transaction**

15. This action is commenced to foreclose a first mortgage executed by the Borrower which secures a note executed by the Borrower in the original principal amount of $43,600,000.00 as more particularly described herein (the "Loan").

16. To evidence the Loan, Borrower duly executed that certain Consolidated Amended and Restated Mortgage Note in favor of Plaintiff dated February 28, 2020, in the original principal amount of $43,600,000.00, as modified by a Loan Modification Agreement dated April 8, 2020, and a second Loan Modification Agreement dated June 2, 2020 (collectively, the "Note"). A copy of the Note is attached hereto as Exhibit A.[1]

17. Plaintiff is the current owner and holder of the Note.

---

[1] Some exhibits hereto may have been redacted to remove certain confidential information.

18. The Note is secured by that certain Consolidated, Amended and Restated Mortgage, Spreader, Security Agreement, Assignment of Leases and Rents and Fixture Filing (collectively, the "Mortgage"), which Mortgage was duly executed and delivered by the Borrower to Plaintiff on or about February 28, 2020 as indicated herein below:

<u>Consolidated, Amended and Restated Mortgage, Spreader, Security Agreement, Assignment of Leases and Rents and Fixture Filing</u>
Mortgagor: 150-152 East 79 LLC
Mortgagee: W Financial Reit, LTD
Amount: $43,600,000.00
Dated: February 28, 2020
Recorded: March 13, 2020
CRFN: 2020000094698

A copy of which is annexed hereto as Exhibit B.

19. All mortgage tax due on the Mortgage was duly paid.

20. The mortgage encumbers the real and personal property situated in the County of New York, City of New York, State of New York located at: (i) 150 East 79th Street, New York, New York; (ii) 152 East 79th Street, New York, New York; (iii) 154 East 79th Street, New York, New York; (iv) 1131 Lexington Avenue, New York, New York; and (v) 1135 Lexington Avenue, New York, New York (collectively, the "Properties").

21. Copies of the legal descriptions of the Properties are annexed hereto as Exhibit C.

22. The Properties are all owned by the Borrower and cumulatively consists of more than ten (10) commercial units that are either occupied by a tenant or available for rent.

### The Guaranty

23. As further security for the Loan, the Guarantor duly executed and delivered that certain Guaranty dated February 28, 2020 (the "Guaranty", together with the Note, Mortgage and all other documents evidencing, securing or executed in connection with the Loan are hereinafter referred to collectively as the "Loan Documents"), pursuant to which the Guarantor guaranteed to

Plaintiff the full and prompt payment to Plaintiff of the full amounts due under the Loan subject to the terms and conditions thereof. A copy of the Guaranty is annexed hereto as Exhibit D.

## AS TO ALL CAUSES OF ACTION

24. No other action is pending to recover any part of the debt due under the Loan Documents.

25. The NYSDTF is named as a party defendant herein due to possible unpaid franchise taxes of Borrower.

26. The NYCDF is named as a party defendant herein due to possible unpaid corporate taxes of Borrower.

27. FRB is named as a party defendant herein due to it being a tenant in the portion of the Properties located at 150 East 79th Street, New York, New York, in order to have it bound by these proceedings.[2]

28. The remaining defendants herein have or claim to have some interest in, or lien upon the Properties or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto.

29. Plaintiff shall not be deemed to have waived, altered, released or changed its election to foreclose by reason of any payment made after the date of commencement of this action or by reason of any other mortgage default occurring prior to or after the date of commencement of this action.

30. Plaintiff specifically reserves the right to pursue a temporary injunction, appointment of receiver or other relief with respect to its rights under the Loan Documents.

---

[2] FRB is also a tenant in the portion of the Properties located at 1135 Lexington Avenue, New York, New York; however, this action does not seek any relief against FRB with respect to that portion of the Properties.

Pursuant to Real Property Actions and Proceedings Law §1371, Plaintiffs reserves the right to move the Court to enter a deficiency judgment against Borrower and the Guarantor for any residue of the debt under the Note and Mortgage remaining unsatisfied after the foreclosure sale of the Properties is completed.

31. The Properties and the title thereto are subject to any state of facts an accurate survey would show; to all covenants, restrictions, easements, agreements, reservations, and prior liens, if any, of record and to any violations thereof; to the physical condition of any building or structure as of the date of sale hereunder; to building restrictions and zoning ordinances and to any violations of the same.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Foreclosure of Mortgage)

32. Plaintiff repeats, reiterates and re-alleges each of the allegations set forth in the paragraphs above as if set forth in full herein.

33. Pursuant to the express terms of the Note, Borrower was required to remit successive monthly payments of interest, commencing on April 1, 2020, with the balance due in full on the maturity date of February 28, 2021 ("Maturity Date").

34. Pursuant to the express terms of the Note, Borrower was also required to remit a payment of a portion of the principal balance of the Note in the amount of $4,000,000.00 payable as follows: (i) $800,000.00 on or before June 29, 2020; (ii) $800,000.00 on or before July 28, 2020; (iii) $800,000.00 on or before August 28, 2020; (iv) $800,000.00 on or before September 28, 2020; and (v) $800,000.00 on or before October 28, 2020 ("Partial Paydown").

35. Pursuant to the express terms of the Note, Borrower was also required to remit a deferred origination fee in the amount of $165,000.00 ("Deferred Origination Fee") on the Maturity Date, as such date may be accelerated by the terms of the Note.

36. The Note also provides that if any payment is not received in full by the fifth day after the date on which any such payment was due more than two times during the term of the Loan, then the Borrower is required to pay on the Maturity Date or the date the Note is paid in full, a fee equal to 1% of the initial principal balance of the Loan, multiplied by the number of times after the second such late payment the Borrower is late in making under the Note ("Exit Fee").

37. The Borrower has defaulted under the Note by failing to pay the amounts due on June 1, 2020, and each and every month thereafter, including the amounts required to be paid towards the Partial Paydown.

38. By letter dated July 29, 2020, Plaintiff notified Borrower of its default under the Note. A copy of the July 29, 2020 letter is annexed hereto as Exhibit E.

39. By letter dated August 14, 2020, Plaintiff notified the Borrower that as a result of its failure to cure the aforementioned default, Plaintiff declared the entire amount due under the Note to be immediately due and payable in full, and demanded immediate payment in full. A copy of the August 14, 2020 letter is annexed hereto as Exhibit F.

40. Pursuant to the Loan Documents, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure.

41. Plaintiff is entitled to an order from the Court that the Mortgage be foreclosed, that the liens provided therein be declared as a valid lien on the Properties, and that Plaintiff be granted immediate possession of the Properties.

42. The following amounts are due and owing to Plaintiff under the Loan:

    (a) Unpaid principal balance due under the Loan in the sum $43,600,000.00;

    (b) Interest at the default rate;

    (c) Deferred Origination Fee in the amount of $165,000.00;

    (d) Exit fees in the amount of $872,000.00;

(e) Any and all fees and costs incurred by Plaintiff, both to date and hereafter, in connection with the collection of the amounts due and owing under the Loan Documents relating to the Loan or for the protection, and preservation of the Properties, including without limitation, late charges, expenses, attorneys' fees and costs; and

(f) Any other amounts due and owing under the Loan Documents relating to the Loan.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Reservation of Rights to Pursue Deficiency Judgment Against the Guarantor)**

43. Plaintiff repeats, reiterates and re-alleges each of the allegations set forth in the paragraphs above as if set forth in full herein.

44. Guarantor is made party hereto to have and make him bound by the proceedings herein so as to permit the assessment of any deficiency in the amount not recovered by Plaintiff by sale of the Properties in this action without the need for separate action, but only to the extent as set forth in the Guaranty.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Right to Possession and Rents)**

45. Plaintiff repeats, reiterates and re-alleges each of the allegations set forth in the paragraphs above as if set forth in full herein.

46. Pursuant to the Loan Documents, upon a default by Borrower, Plaintiff is entitled to immediate possession of the Properties and may collect and make use of rents, profits and income from the Properties.

47. In addition, the license granted to Borrower for the use of rents automatically terminated upon an event of default under the Loan Documents.

48. As such, Plaintiff is entitled to an order directing that all rents, issues, proceeds, revenues, profits, profits and income from the Properties be remitted to Plaintiff in accordance with the terms of the Loan Documents and directing that any such amounts be used to reduce the indebtedness described above.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Payment of Attorneys' Fees and Costs)

49. Plaintiff repeats, reiterates and re-alleges each of the allegations set forth in the paragraphs above as if set forth in full herein.

50. Pursuant to the terms of the Loan Documents, the Plaintiff is entitled to an award representing its reasonable attorneys' fees and costs incurred in connection with the Borrower's defaults under the Loan Documents.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Declaration that the Lease is Subject and Subordinate to the Mortgage and that the Mortgage Has Priority Over the Lease)

51. Plaintiff repeats, reiterates and re-alleges each of the allegations set forth in the paragraphs above as if set forth in full herein.

52. FRB occupies the portion of the Properties located at 150 East 79th Street, New York, New York pursuant to a Standard Form of Lease dated December 24, 2011 by and between FRB and Montrose Lexington Associates, L.P. (the "Lease"). A copy of the Lease is annexed hereto as Exhibit G.

53. The Lease provides, in relevant part, as follows:

> Subordination and Non-Disturbance Agreement: 7. *This lease is subject and subordinate to* all ground or underlying leases and to *all mortgages which may now or hereafter affect such leases or the real property of which Demised Premises are a part* and to all renewals, modifications, consolidations, replacements and extensions of any such underlying leases and mortgages. *This clause shall be self-operative and no further instrument of subordination shall be*

*required* by any ground or underlying lessor or by any mortgagee, affecting any lease or the real property of which the Demised Premises are a part.

See Exhibit G, ¶ 7 (emphasis added).

54. Since the Lease expressly subordinates itself to all future mortgages, including the Mortgage, Plaintiff is entitled to an order declaring and determining that its Mortgage is senior in priority to the Lease and that the Lease shall be deemed extinguished by virtue of the foreclosure sale conducted in this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Mortgages as follows:

A. Ordering that Plaintiff has the legal right to and is authorized to foreclose on the Properties:

    (i) in one or more parcels according to law, together with the fixtures and articles of personalty upon the Properties;

    (ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

    (iii) subject to any state of facts that an accurate survey would show;

    (iv) subject to covenants and restrictions of record, if any; and

    (v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the Properties;

B. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Properties, free of any and all interests that are or might be asserted by any of the defendants, including any interests of FRB in and to the Lease;

C. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts due to Plaintiff under the Note;

D. Ordering and directing that a referee sell the Properties and deliver title via a Referee's Deed to the successful bidder at such foreclosure;

E. Ordering and directing that the proceeds of the sale be applied as follows:

    (i) to payment of the expenses of the sale;

    (ii) to the payment of the debt owed to Plaintiff under the Note and Mortgage;

    (iii) to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

    (iv) to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Properties;

    (v) to the payment, at Plaintiff's option, of all other assessments against or attributable to the Properties; and

    (vi) the surplus, if any, to the payment of debts secured by junior liens on the Properties and then, to Borrower, in accordance with further order of the Court;

F. Ordering that Borrower has no right of redemption after the sale of the Properties;

G. Finding that Plaintiff has preserved its rights to pursue any deficiency that may exist under the Loan after application of the proceeds of the foreclosure sale pursuant to the Real Property Actions and Proceedings Law and may move the Court to enter final judgment against Borrower and Guarantor for such deficiency; and

    H.    Ordering all further relief is as is just and proper.

Dated: Garden City, New York
April 24, 2023

Respectfully submitted,
JASPAN SCHLESINGER NARENDRAN LLP
*Attorneys for Plaintiff*

By: _____
Frank C. Dell'Amore, Esq.
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289