# Arnold & Porter

Eric N. Whitney
+1 212.836.7930 Direct
Eric.Whitney@arnoldporter.com

June 6, 2023

**VIA ECF**

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
6/7/23   John G. Koeltl, U.S.D.J.

Hon. John G. Koeltl
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *W Financial REIT, LTD v. 150-152 EAST 79 LLC et al.*, No. 23-CV-03942 (JGK)

Dear Judge Koeltl:

Pursuant to Local Civil Rules 7.1(d) and 5.2(b), I submit this letter on behalf of Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for First Republic Bank ("FDIC-Receiver") to move to vacate the Stipulation Regarding Time to Respond to Amended Complaint entered on May 17, 2023. ECF No. 9.

On April 26, 2023, Plaintiff W Financial REIT, LTD ("Plaintiff") filed its amended complaint against First Republic Bank in the Supreme Court of the State of New York, New York County under Index No. 850128/2021 (the "State Court Action"). FDIC-Receiver filed a notice of substitution in the State Court Action, and FDIC-Receiver was substituted as the defendant in the action in place of First Republic Bank.

On May 10, 2023, FDIC-Receiver removed the State Court Action to the United States District Court for the Southern District of New York.

On May 11, 2023, FDIC-Receiver moved to stay these judicial proceedings (i) for up to 180 days pending the exhaustion by Plaintiff W Financial REIT, LTD of the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), as codified at 12 U.S.C. § 1821(d), or (ii) in the alternative, for ninety (90) days pursuant to the mandatory stay under 12 U.S.C. § 1821(d)(12)(B). ECF No. 3.

No opposition was filed to the FDIC-Receiver's Motion to Stay.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street  |  New York, NY 10019-9710  |  www.arnoldporter.com

# Arnold & Porter

June 6, 2023
Page 2

On May 17, 2023, without approval from my client FDIC-Receiver, I stipulated and agreed with Plaintiff's counsel that the deadline for FDIC-Receiver to answer, move or respond to Plaintiff's amended complaint would be June 19, 2023. The Court entered the stipulated order. ECF Nos. 8, 9.

FDIC-Receiver requests vacating of the stipulated order, and Plaintiff opposes this request.

The stipulated order is inconsistent with the mandatory 90-day stay of these judicial proceedings under FIRREA, 12 U.S.C. § 1821(d)(12)(B). No stay was entered prior to May 17, 2023—the date a response to Plaintiff's amended complaint would have been due absent the mandatory 90-day stay under 12 U.S.C. § 1821(d)(12)(B). I mistakenly did not appreciate the automatic nature of the stay under 12 U.S.C. § 1821(d)(12)(B) and, without approval from my client FDIC-Receiver, entered a stipulation to an extension with Plaintiff's counsel to avoid defaulting. Because the action was automatically stayed by statute and the stipulated extension was unnecessary and is inconsistent with the statute and the requested stay, FDIC-Receiver requests vacating of the stipulated order.

Plaintiff does not consent to this motion to the extent that it contemplates that these judicial proceedings may be stayed for up to 180 days pending the exhaustion by Plaintiff of the administrative claims process mandated by FIRREA.

FDIC-Receiver has never moved to vacate the above-described order before.

Respectfully submitted,

/s Eric N. Whitney
Eric N. Whitney

CC: Howard S. Koh
125 Park Avenue, 7th Floor
New York, NY 10017
hsk@msf-law.com