```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――――

W FINANCIAL REIT, LTD,

                Plaintiff,        23-cv-3942 (JGK)

      - against -          MEMORANDUM OPINION AND ORDER

150-152 EAST 79 LLC, ET AL.,

                Defendants.

―――――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for First Republic Bank ("First Republic"), moves for a stay of this action pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d). For the following reasons, the FDIC's motion is **granted**.

                              I.

    Unless otherwise noted, the following undisputed facts are taken from the plaintiff's amended complaint, ECF No. 1-2.

    The plaintiff, W Financial REIT, LTD ("W Financial"), is a Delaware corporation authorized to do business in New York. Compl. ¶ 9. Defendant First Republic was a commercial bank headquartered in California. Id. ¶ 14. On May 3, 2021, W Financial commenced this action in New York State Supreme Court, seeking to foreclose on a mortgage securing a loan that W Financial made to 150-152 East 79 LLC. Id. ¶ 15. The mortgage

encumbered five properties located in New York City. Id. ¶ 20. Although the original complaint did not name First Republic as a defendant, W Financial served a copy of the summons and complaint on First Republic as a John Doe defendant on May 24, 2021, due to First Republic's status as a tenant of the properties in question. Id. ¶ 1. After First Republic failed to appear or respond to the complaint, a default judgment was entered against it on April 28, 2022. Id. ¶¶ 2-3. On August 10, 2022, the state court issued a judgment of foreclosure and sale. Id. ¶ 4. On October 26, 2022, First Republic moved to vacate the default judgment against it. Id. ¶ 5. On February 1, 2023, the properties subject to the mortgage, including the premises at 150 East 79th St., were sold at a foreclosure sale to W Financial, which then assigned its bid to an affiliate which became the owner of the properties pursuant to a referee's deed. Id. ¶¶ 6, 20. On April 11, 2023, the state court vacated the default judgment against First Republic, voiding any part of the judgment of foreclosure and sale that could be read as declaring or determining that the mortgage had priority over First Republic's leases at the properties. Id. ¶ 7. On April 26, 2023, W Financial filed the operative amended complaint, seeking, as relevant here, an order declaring that First Republic's leasehold interest in the premises at 150 East 79th St. is subject to W Financial's mortgage lien. Id. ¶¶ 15-18, 41, 52-54.

2

On May 1, 2023, the Commissioner of Financial Protection and Innovation of the State of California closed First Republic Bank and appointed the FDIC as the Bank's Receiver. Whitney Decl., ECF No. 5 ¶ 3; see also id., Exs. A and B, ECF Nos. 5-1 and 5-2. This appointment assigned to the FDIC all of First Republic's "rights, titles, powers, and privileges." See 12 U.S.C. § 1821(d)(2)(A)(i). The FDIC-Receiver ("FDIC-R") must now wind up First Republic's affairs and resolve all outstanding claims against it, including the claims in this action. See id. § 1821(d)(2)(A)(i), (d)(3).

On May 10, 2023, the FDIC-R, having substituted into this action in place of First Republic, removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B), which allows the FDIC to "remove any action, suit, or proceeding from a State court to the appropriate United States district court" within ninety days of the action being filed against the FDIC or the FDIC being substituted as a party. See ECF No. 1. The FDIC-R now moves to stay the case pending exhaustion of the administrative claims process described below. ECF No. 3. The motion is unopposed.

## II.

FIRREA establishes an administrative claims review process for the prompt and efficient resolution of all claims brought against a failed financial institution placed under

3

receivership. 12 U.S.C. § 1821(d)(3)-(13). The administrative review process applies to any claim (i) seeking payment from, or a determination of rights with respect to, the assets of a failed bank for which the FDIC has been appointed receiver, or (ii) relating to any act or omission of such failed bank or the receiver. Id. § 1821(d)(13)(D)(i)-(ii).

If the FDIC elects to decide claims through the administrative claims process, the FDIC must first publish and mail a notice to the bank's creditors to present their claims by a specified date, which cannot be less than ninety days after publication of the notice. Id. § 1821(d)(3). In this case, the FDIC has set a bar date of September 5, 2023, for filing claims against the First Republic receivership. See Publication Notice to Creditors and Depositors of First Republic Bank, FDIC, https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/first-republic-publication-notice-10543.pdf (last accessed June 23, 2023); see also Def.'s Mem., ECF No. 4, at 6. After a claim is filed, the receiver has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). If the claim is disallowed, the claimant has sixty days after the date of the notice of disallowance to continue any pre-receivership litigation. Id. § 1821(d)(6)(B).

**III.**

The FDIC-R seeks a stay of this action pending the plaintiff's exhaustion of FIRREA's administrative claims process on the ground that the plaintiff must exhaust its claim against the FDIC-R administratively before proceeding in court.

Courts are divided on the issue of whether FIRREA imposes a statutory exhaustion requirement on plaintiffs in pre-receivership lawsuits like this one. Bloom v. F.D.I.C., 738 F.3d 58, 61 n.1 (2d Cir. 2013) (declining to reach the question while acknowledging a circuit split); Jo v. JPMC Specialty Mortg., LLC, 248 F. Supp. 3d 417, 422 n.4 (W.D.N.Y. 2017) (acknowledging the unresolved split).[1] Nevertheless, courts in this Circuit have recognized that FIRREA directs courts to stay pre-receivership lawsuits at the FDIC-R's request. See, e.g., Cassese v. Washington Mut., Inc., No. 05-cv-2724, 2009 WL 3599552, at *4 (E.D.N.Y. Apr. 6, 2009) ("FIRREA . . . permit[s], and even requires, a stay of proceedings to allow for an orderly administrative claims review process.") (collecting cases).[2]

Because W Financial seeks a determination of rights with respect to the assets of a failed bank for which the FDIC has

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

[2] "[F]or the purposes of judicial economy, the accepted practice permits a stay of the plaintiffs' claims against all defendants." Cassese, 2009 WL 3599552, at *5.

5

been appointed receiver, the FDIC-R may require W Financial to proceed on that claim pursuant to FIRREA's administrative review process upon giving notice and requesting a stay of proceedings, which the FDIC-R has done. ECF No. 3. W Financial does not oppose the FDIC-R's request. Accordingly, the FDIC-R's motion for a stay pending W Financial's exhaustion of the administrative claims process is **granted**.[3]

## CONCLUSION

For the reasons explained above, the FDIC-R's request for a stay pending administrative exhaustion is **granted**. This action is **stayed** pending the plaintiff's exhaustion of FIRREA's administrative claims process. The Clerk is directed to close ECF No. 3.

**SO ORDERED.**

Dated:    New York, New York
         July 5, 2023

_____
John G. Koeltl
United States District Judge

---

[3] Because the Court grants the FDIC-R's request for a stay pending exhaustion of the administrative claims process, it is unnecessary to consider the FDIC-R's request for a ninety-day stay pursuant to 12 U.S.C. § 1821(d)(12)(B), which the FDIC-R made in the alternative to its request for a stay pending administrative exhaustion.